## HERBERT H. CLARK ET AL.
### v.
## A. C. SPAFFORD ET AL.

*Fire Insurance—Mutual Company—Act of March 11, 1869.*

1.   At common law a number of people may enter into mutual covenants to indemnify each other against loss by fire and unless restricted by statute such agreements will be valid.

2.   The enforcement of a proportionate contribution from the numerous parties to the agreement for mutual indemnity in the case presented, and the ascertainment and assessment of the proportionate shares of such parties are proper subjects for a court of equity, to which its methods of procedure are well adapted.

3.   In an action brought to recover for loss by fire upon a certificate issued before the company commenced business but during its organization, it being provided that it should not so commence until a certain amount of insurance, in not less than a certain number of risks, should have been subscribed, and the premiums thereon agregating not less than a sum named paid in cash, this court holds that there is nothing in the contention of defendants that the certificates in question were void because in derogation of the statute concerning insurance companies, and

that the bill disclosed no right in the complainants to any relief under their certificaters; that the certificate holders did not assume to act as a corporation; that there was no misrepresentation as to the owners of the property destroyed; that the demurrer to the amended bill should have been overruled, and that the order sustaining the same and the decree dismissing said bill must be reversed and the cause remanded, with directions as to the proper course to pursue.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. SNYDER & STEAD and L. B. CROOKER, for appellants.

Messrs. C. A. WORKS and D. B. SNOW, for appellees.

MR. JUSTICE CARTWRIGHT. In the Circuit Court a demurrer was sustained to the amended bill filed by appellants in this case and the bill was dismissed at their cost. The material facts stated in the bill and by the demurrer, admitted to be true, are as follows: Certain defendants named in the bill were engaged in organizing and incorporating an insurance company under and pursuant to an act entitled "An act to incorporate and govern fire, marine and inland navigation insurance companies, doing business in the State of Illinois, approved March 11, 1869," and all acts amendatory thereto; said company when incorporated to be known as the Illinois Manufacturers' Mutual Insurance Company, with principal offices at Rockford, Illinois. They had filed in the office of the auditor of public accounts their declaration and charter, together with proof of publication of intention and the certificate of the attorney-general as required by law. The object of the company as stated in the charter was to make insurance upon manufactories and all other kinds of buildings, dwelling houses and personal property against loss or damage by fire or lightning, upon the plan of mutual insurance, and it was provided that the company

should not commence business until $200,000 of insurance in not less than 100 separate risks should have been subscribed and the premiums thereon for one year, aggregating not less than $10,000, should have been paid in cash. Said persons, as an essential step to such incorporation, sought applications for insurance in the proposed company, and about September 1, 1890, their agent applied to complainant, Herbert H. Clark, to take insurance to the amount of $2,500 on certain property in his possession and being operated in the manufacture of oil and other products from flax seed, under the name of H. S. Clark & Co., which property was owned in part by said Herbert H. Clark, and the remainder was owned by complainant, H. S. Clark, and was in possession of said Herbert H. Clark, as lessee. Said Herbert H. Clark fully informed said agent of the ownership and title of the property, and the agent told him that the application should be in the name of H. S. Clark & Co., and that a policy so written would be in accordance with the law, and would indemnify complainants in their respective properties. An application was made accordingly, and $62.50 was paid in cash and the note of H. S. Clark & Co., given for $312.50. A certificate of insurance was delivered to complainants, a copy of which is annexed to the bill entitled " Lloyd's Certificate of the Illinois Manufacturers' Mutual Insurance Co., of Rockford," which certified that H. S. Clark & Co. had effected insurance to the amount of $2,500 for the term of five years on said property, and contained all the customary conditions of the insurance, proof of loss, suit, etc., with the following additional provisions: " Said applicant has made and signed an application for membership and insurance in a certain proposed mutual fire insurance company, to be known as the Illinois Manufacturers' Mutual Insurance Company; and this certificate is issued as evidence of, and becomes on its acceptance by said assured a mutual agreement between said assured and such other parties as have heretofore or shall hereafter become like applicants for membership and insurance in said proposed " Illinois Manufacturer's Mutual Insurance Company," acting as individuals, and not in the

Clark v. Spafford.

attempted exercise of any corporate powers whatsoever, to indemnify each other against any loss by fire or lightning under the conditions which may occur during the term aforesaid, and also to contribute to all necessary expenses in and about such matter proportionately. * * * And said assured hereby irrevocably appoints and constitutes the parties whose signatures are affixed hereto, his true and lawful attorneys in fact to issue like certificates (except as to date, amount, premium) to such other applicants for membership and insurance in said proposed Illinois Manufacturers' Mutual Insurance Company as aforesaid in such amount as they may deem proper, and to administer in his behalf the funds paid under this and said other certificates for the purposes of said protection against fire and the expenses of this trust, with full authority to surrender all residue thereof to the treasurer of said proposed company when application shall be made for license supported by the proper number of applications under the statute in that case made and provided. And it is further agreed that upon said proposed Illinois Manufacturers' Mutual Insurance Company becoming licensed and organized, and insurance upon said applications for membership and insurance therein become operative therein, then this agreement, without further action or declaration of either of said parties, shall become ended, and taken as canceled, anything herein to the contrary notwithstanding, provided that said company thereupon delivers to said applicant its standard form of policy."

This certificate was signed by defendants, A. C. Spafford, N. S. Aagesen and F. G. Hogland, " attorneys in fact for applicants for membership and insurance in the proposed Illinois Manufacturers' Mutual Insurance Company of Rockford, Ill." Several hundred other similar applications were made and certificates issued to other persons signed by said attorneys in fact for all the applicants, whereby it was alleged that each certificate holder became bound to the other certificate holders for mutual indemnity under the conditions of the certificates. It was further averred that complainants' property was totally destroyed by fire and notice

thereof was given and proof of loss made, but the attorneys in fact and agents for the certificate holders upon the occurrence of this loss, discontinued business, took up the certificates except from complainants, returned to the other certificate holders their notes and the cash not spent and abandoned the proposed incorporation. The bill made the incorporators and certificate holders defendants, and sought contribution from them to pay the complainants' loss.

The principal claim of appellees is that the "Lloyds certificates" issued were void because in derogation of the statute for the government of insurance companies, and that the bill therefore disclosed no right in the complainants to any relief under their certificate. It is not denied that at common law a number of people might properly enter into mutual covenants to indemnify each other against loss by fire, and that unless restricted by statute such agreements would still be valid. But it is urged that the certificate holders were engaging in the general business of insurance and attempting to act as a corporation and exercise corporate powers before being legally incorporated, and that such action was in opposition to and in violation of the statute. It seems to us that the certificate holders were not endeavoring to defeat the purpose of the statute, and that their action could not have that effect. An attempt was being made to create a corporation in conformity with the statute, and it was necessary to obtain applications and cash to a certain amount in order to carry out that purpose. It might not be expected that persons not directly interested in accomplishing the intended object would make applications, pay cash and make notes without any indemnity and when the corporation if created might reject their applications. The proposed corporation could not effect insurance or afford them indemnity. That could be done only after its organization should be completed. Gent v. Manf. & Mer. Ins. Co., 107 Ill. 652; Diversy v. Smith, 103 Ill. 378. The plan by which appellants could secure temporary indemnity pending the completion of the organization was in furtherance of the object of the statute as an

important and material aid to fulfilling its requirements. Nor did the certificate holders assume to act as a corporation. The agreement was provisional and temporary only until the corporation should be licensed to do the business.

In the conditions of the policy the term "this company" is employed, and it is argued that this meant the non-existent corporation which could not enter into any contract of insurance, and therefore the contract was void. It seems evident that this term was used to mean the persons who became parties to the contract of insurance with complainants and not what was styled a proposed corporation which the contract recognized as not yet able to insure and whose completed organization was to terminate the contract. We are unable to see that the parties violated the law in any manner.

It is also claimed that there were such willful misrepresentations as to ownership of the property as would defeat a recovery. The facts stated in the bill show that there was no misrepresentation, but a full disclosure of title, and that complainants, who were the owners, were described as H. S. Clark & Co. on the advice of the agent. Lastly it is urged that equity has no jurisdiction.

The enforcement of a proportionate contribution from the numerous parties to the agreement for mutual indemnity, and the ascertainment and assessment of the proportionate shares of such parties are proper subjects for a court of equity, to which its methods of procedure are well adapted.

In our opinion, the demurrer to the amended bill should have been overruled, and the order sustaining the same and decree dismissing said bill are reversed and the cause is remanded, with directions to overrule the demurrer and to take such proceedings thereafter as are not inconsistent with this opinion.

*Reversed and remanded.*